| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1   Ricky Allen McCray | ☐ | Check here if this is an amended plan, and list below the sections of the plan that have been changed.<br>_____<br>_____ |
| Debtor 2<br>(Spouse, if filing) | | |
| United States Bankruptcy Court for the Western District of Virginia | | |
| Case Number 19-50349<br>(if known) | | |

Official Form 113
**Chapter 13 Plan**                                                                                                                                      12/17

**Part 1:**    **Notices**

**To Debtors:**  **This form sets out options that may be appropriate in some cases, but the presences of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do Not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do nt have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.  See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as** *"Not Included"* **or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☒ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not Included |

**Part 2:** **Plan Payments and Length of Plan**

2.1 Debtor(s) Will Make Regular payments to the trustee as follows:

$793.00 per month for 60 months commencing May 25, 2019

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply*
- ☐ Debtor(s) will make payments pursuant to a payroll deduction order.
- ☐ Debtor(s) will make payments directly to the trustee
- ☒ Other (specify method of payment): ____TFS____

**2.3 Income tax refunds**

*Check one.*
- ☒ Debtor(s) will retain any income tax refunds received during the plan term.
- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan tern within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- ☐ Debtor(s) will treat income tax refunds as follows:
  _____

**2.4 Additional payments.**

Check one.
- ☒ None. If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§2.1 and 2.4 is** $47,580.00

**Part 3:** **Treatment of Secured Claims**

**3.1 Maintenance of payments and cure of default, if any.**
Check one.
- ☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
- ☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any,, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s)

| Creditor | Collateral | Current installment payment (Including escrow | Arrearage amount | Interest rate on arrearage | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Ally Financial | 2015 Kia Forte | $627.80 Disbursed by: ☐ Trustee ☒ Debtor(s) | $0.00 | 0.00% | $0.00 | $0.00 |
| Wanda Cook | Residence 917 Jefferson St. Harrisonburg, VA | $860.00 Disbursed by ☐ Trustee ☒ Debtor(s) | $0.00 | 0.00% | $0.00 | $0.00 |

**3.2 Request for valuation of security, payment of fully secured claims, and modification of under secured claims.**

Check one.

☒ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3 Secured claims excluded from 11 U.S.C.§ 506.**

*Check one*

☐ None. If *"None"* is checked, the rest of §3.3 need not be completed or reproduced.

☒ The Claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor    vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other
thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002 (c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by the trustee |
|---|---|---|---|---|---|
| Lendmark Financial Services, LLC | 2003 Dodge Dakota | $17,043.88 | 6.00% | $38x26 676.39x29 Disbursed by ☒Trustee ☐Debtor(s) | $20,603.31 |

**3.4 Lien Avoidance**
*Check one*

☐ None. If *"None"* is checked, the rest of §3.4 need not be completed or reproduced.

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☒ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of creditor** | a. Amount of lien | $390.13 | Amount of secured claim after avoidance (line a minus f) |
| Drs. Day Roussel & Yoder | b. Amount of all other liens | $42,383.63 | $390.13 |
| **Collateral** | c. Value of claimed exemptions | $5,000.00 | |
| Residence  917 Jefferson Street | d. Total of adding lines a, b, and c | $47,773.76 | **Interest rate** (if applicable) |
| Harrisonburg, VA | | | 6.00% |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) | e. Value of debtor(s)' interest in property | $138,000.00 | **Monthly payment on secured claim** |
| Record No 840553 | | | $15.9x30  commencing July, 2021 |
| Rockingham County Circuit Court  Harrisonburg, VA | f. Subtract line e from line d. | ($90,226.24) | **Estimated total payments on secured claim** |
| | | | $477.00 |
| | Extent of exemption impairment  *(check applicable box)*  ☐ **Line f is equal to or greater than a.**   The entire lien is avoided.  ☒ **Line f is less than a.**   A portion of the lien is avoided. | | |

**3.5 Surrender of collateral**
*Check one*

☒ None. If *"None"* is checked, the rest of §3.5 need not be completed or reproduced.

Official Form 113                                    Chapter 13 Plan                                    Page 4

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fee and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be pain in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the courts of the case but are estimated to be 10.00% of plan payments; and during the plan term, they are estimated total $4,758.00.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $3,860.00.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5**

*Check one*

☒ None. If *"None"* is checked, the rest of §4.4 need not be completed or reproduced.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one*

☒ None. If *"None"* is checked, the rest of §4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply*.

☐ The sum of $_____

☒ 100% of the total amount of these claims, an estimated payment of $4,491.69.

☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $4,491.69. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ None. If *"None"* is checked, the rest of §5.2 need not be completed or reproduced.

**5.3 Other separately classified nonpriority unsecured claims. Check one.**

☒ **None**. If *"None"* is checked, the rest of §5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☒ **None**. If *"None"* is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7 Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon**

Check he applicable box:

☒ plan confirmation

☐ entry of discharge

☐ other:_____

## Part 8 Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☐ **None**. If "None" is checked , the rest of Part 8 need not be completed or reproproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

The following plan provisions will be effective only if there is a check in the box "included" in § 1.3.

**A. Attorneys fees.**

Attorney fees of $4,000.00 and the balance of $3,860.00 noted in Paragraph 4.3 shall be approved on the confirmation date unless previously objected to. Said balance of allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Paragraphs 3, 4.4, 5, 6 and 8. Notwithstanding the foregoing, the Attorneys fees noted in paragraph 4.3 shall be paid concurrently by the trustee with Domestic Support Obligations as defined by Bankruptcy Code §507(a)(1)(A) and disclosed in paragraph 4.4 and 4.5 of this Plan. Furthermore, adequate protection payments set forth in paragraph 3.2 and 3.3 shall be paid concurrently with Attorney Fees set forth in paragraph 4.3.

The $3,860.00 in Debtor(s)' attorney's fees to be paid by the Chapter 13 Trustee are broken down as follows:
(i) :$3,860.00 Fees to be approved, or already approved, by the Court at initial plan confirmation;
   (ii) $0.00: Additional pre-confirmation or post-confirmation fees already approved by the Court by separate order or in a previously confirmed modified plan;
   (iii) $0.00: Additional post-confirmation fees being sought in this modified plan, which fees will be approved when this plan is confirmed.

**B. Local Government Tax claims:**

The following secured local government tax claims shall be paid, with interest, by the Trustee pro rata with Unsecured Priority

Debts listed in paragraph 2B or on a fixed monthly basis as indicated below.

| Creditor | claim | Monthly Payment for arrears | Interest Rate |
|---|---|---|---|
| Harrisonburg City Treasurer | $11,794.45 | 20 x 669.50 commencing November, 2019 | 10% |

**C.    Vehicles paid Pursuant to Paragraph 3.2.**

Immediately upon entry of a discharge order, each creditor listed in paragraph 3.2 of this plan shall mail a copy of the vehicle title, free and clear of liens, to Debtors counsel, Roland S. Carlton, Jr., Esq., Carlton Legal Services, PLC, 118 MacTanly Place, Staunton, Virginia, 24401.

**D.    Note regarding part 3.1: post-petition mortgage fees**:

Any fees, expenses, or charges accruing on claims set forth in Section 3.1 of this Plan which are noticed to the debtors pursuant to Bankruptcy Rule 3002.1(c) shall not require modification of the debtors' plan to pay them.  Instead, any such fees, expenses, or charges shall, if allowed, be payable by the debtors outside the Plan unless the debtor chooses to modify the plan to provide for them.

**E.    Note regarding part 3.5 (surrender of collateral):**

Any unsecured proof of claim for a claim of deficiency that results from the surrender and liquidation of collateral noted in Part 3.5 of this Plan must be filed by the earlier of the following or such claim shall be forever barred: (1) within 180 days of the date of the first confirmation order confirming a plan providing for the surrender of said collateral, (2) within the time period for the filing of an unsecured deficiency claim as established by any Order granting relief from the automatic stay with respect to said collateral. Said unsecured proof of claim for a deficiency must include appropriate documentation establishing that the collateral surrendered has been liquidated, and the proceeds applied, in accordance with applicable state law.

**F**.    **Note regarding parts 3.2 and 3.3 [adequate protection payments]:**

The debtors propose to make adequate protection payments other than as provided in Local Rule 4001-2.
Unless otherwise provided herein, the monthly payment amounts listed in Parts 3.2 and 3.3 of this Chapter 13 Plan will be paid as adequate protection beginning prior to confirmation to the holders of allowed secured claims.

G    **Note regarding treatment and payment of claims**

All creditors must timely file a proof of claim to receive any payment from the Trustee.
If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

### Part 9: Signatures

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.

✘ /s/ Ricky Allen McCray                                        ✘ /s/

    Signature of Debtor 1                                        Signature of Debtor 2

Executed on   April 25, 2019                                Execurted on                      
             MM / DD / YYYY                                                      MM/DD/YYYY

✘ /s/ Roland S. Carlton, Jr.                                    Date:   April 25, 2019
    Signature of Attorney for Debtor(s)                          MM/DD.YYYY

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for the Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

## Exhibit: Total Amount of Estimated Trustee Payments

       The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | Maintenance and cure payments on secured claims (Part 3, Section 3.1 total) | $0.00 |
| b. | Modified secured claims (Part 3, Section 3.2 total) | $0.00 |
| c. | Secured claims excluded from 11 U.S.C. § 506 (Part 3, Section 3.3 total) | $20,603.31 |
| d. | Judicial lien or security interests partially avoided (Part 3, Section 3.4 total) | $477.00 |
| e. | Fees and priority claims (Part 4 total) | $8,618.00 |
| f. | Nonpriority unsecured claims (Part 5, Section 5.1, highest stated amount) | $4,491.69 |
| g. | Maintenance and cure payments on unsecured claims (Part 5, Section 5.2 total) | $0.00 |
| h. | Separately classified unsecured claims (Part 5, Section 5.3 total) | $0.00 |
| i. | Trustee payments on executory contracts and unexpired leases (Part 6, Section 6.1 total) | $0.00 |
| j. | Nonstandard payments (Part 8, total) | $13,390.00 |
| | Total of lines a through j | $47,580.00 |